IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLEN K. LEE,                           :

    Plaintiff,                      :
                                    Case No. 3:08cv344
    vs.                             :
                                    JUDGE WALTER HERBERT RICE
JOHN E. POTTER, POSTMASTER               :
GENERAL, *et al.*,
                                  :

    Defendants.

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (DOC. #20); JUDGMENT TO ENTER IN
FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION
ENTRY

---

    Plaintiff Allen K. Lee, an African American, brought suit against the National Association of Letter Carriers (AFL-CIO) and the National Association of Letter Carriers (Branch 45) (collectively, the "Union"), as well as against the Postmaster General of the United States Postal Service ("USPS"), John E. Potter. Allen was a former USPS employee and Union member. In his Complaint, Lee alleged that the Postmaster and the Union breached the collective bargaining agreement between them, with regard to the wrongful termination of Lee's employment (Count 1); that the Union breached its duty of fair representation by failing to protect his rights relative to his discharge (Count 2); and that the Postmaster violated Lee's rights under 42 U.S.C. §1981, by discriminating against him on the basis of race (Count

4). Doc. #2 (Compl.). In addition, Lee asserted claims under Ohio law against all Defendants, for breach of contract and civil conspiracy (Counts 3 & 5). Id. Previously, the Union (Doc. #5) and the Postmaster (Doc. #10) each moved to dismiss the claims against them. Thereafter, Magistrate Judge Ovington filed a Report and Recommendations, wherein she recommended that all claims against the Union be dismissed and all claims except the discrimination claim against the Postmaster also be dismissed. Doc. #16. This Court adopted the Magistrate Judge's Report and Recommendations in full, thereby leaving only the discrimination claim against the Postmaster as a viable claim. Doc. #17.

Presently before the Court is the Postmaster's Motion for Summary Judgment, as to the remaining claim for discrimination. Doc. #20. Therein, the Postmaster claims that the Court should dismiss the claim against the USPS (as opposed to the Postmaster General), since the only appropriate Defendant to such claims is the Postmaster General. The Postmaster also argues that the Court should dismiss the discrimination claim against him, arguing that Lee did not exhaust his mandatory administrative remedies prior to bringing suit.

In addressing the Motion presently before it, the Court will first set forth the pertinent facts and then review the standard that guides its summary judgment decisions. Following that, it will turn to a consideration of the merits of the Defendant's Motion.

I.  Facts[1]

After twenty-one years of employment, the USPS terminated Lee from his job on June 16, 2007. Doc. #20-1 at 5 (Form 2565-A); Doc. #22-1 ¶ 4 (Lee Aff.). Lee met with an Equal Employment Opportunity ("EEO") counselor on July 18, 2007, claiming his termination was based on disability and race discrimination. Doc. #20-1 at 5 (Form 2565-A). Lee initially agreed to participate in the EEO alternative dispute resolution process, but on August 27, 2007, filed a "Withdrawal of Complaint of Discrimination", thereby terminating the administrative process. Id. at 4 (Agt. to Participate in REDRESS, dtd. Aug. 1, 2007); id. at 3 (Withdrawal of EEO Compl., dtd. Aug. 27, 2007). According to Lee, he withdrew his EEO Complaint based on the Union President's statement indicating that he did not have to proceed with the EEO process, since a resolution would soon be reached with management and his reinstatement as a letter carrier would then be forthcoming. Doc. #22-1 ¶ 7 (Lee Aff.).

II.  Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a

---

[1] Since this case comes before the Court on the Defendant's Motion for Summary Judgment, the Court sets forth the facts and circumstances giving rise to such Motion in the manner most favorable to the Plaintiff, as the party against whom the Motion is directed. Servo Kinetics, Inc. v. Tokyo Precision Instruments, 475 F.3d 783, 790 (6th Cir. 2007).

The parties have relied on scant evidence in the present case, the Defendant pointing only to the affidavit of Reginald D. Crutcher, a USPS EEO specialist (Doc. #20-1), and the Plaintiff to his own affidavit (Doc. #22-1).

3

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party,

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." Mich. Prot. & Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994).

4

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998).

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992), cert. denied, 506

5

U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

III.  Analysis

    A.  USPS as Party Defendant

In its Motion for Summary Judgment, the Defendant initially moves for the dismissal of the USPS as a Defendant, arguing that the only appropriate Defendant to the present suit is the Postmaster General. The Plaintiff does not respond to this portion of the Defendant's Motion.

The Plaintiff's Complaint lists only the Union and the Postmaster General in its caption. Doc. #2 at 1-2. Further, when identifying the parties to the litigation, the Complaint once again identifies only the Union and the Postmaster General. Id. ¶¶ 7-9. The Plaintiff does, however, use the terms "Postmaster General" and "USPS" interchangeably and indiscriminately in reciting the causes of action, within the text of the Complaint. E.g., id. ¶ 43 ("Defendants United States Postal Service and John E. Potter, Postmaster General of the United States[,] were motivated by a

6

racial animus . . . .").

In order to correct any confusion regarding the proper Defendant to the remaining Title VII claim, the Court notes agreement with the Defendant's position. Title VII provides that the "head of the department, agency, or unit, as appropriate, shall be the defendant" in civil actions by employees. 42 U.S.C. § 2000e-16(c). Thus, the Postmaster General, rather than the USPS, is the appropriate Defendant in the present litigation. Therefore, the Defendant's Motion for Summary Judgment (Doc. #20) is SUSTAINED, with regard to dismissing the USPS as a Defendant.

### B.   Failure to Exhaust

The Defendant also contends that the Plaintiff's remaining claim, for race discrimination under Title VII, should be dismissed for failure to exhaust administrative remedies. As the Defendant states, plaintiffs bringing claims under Title VII must exhaust the administrative remedies available to them, prior to filing suit in a federal court. Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992). "The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, 'the preferred means for resolving employment discrimination disputes.'" Id. (quoting Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984) & citing Alexander v.

7

Gardner-Denver Co., 415 U.S. 36, 44, 94 S. Ct. 1011 (1974)). Courts have, thus, held that an employee who does not initially follow the administrative steps outlined in the Code and Regulations is precluded from bringing an action before a federal court. E.g., Tisdale v. Fed. Express Corp., 415 F.3d 516, 527 (6th Cir. 2005).

The steps federal employees must take, in order to exhaust their administrative remedies before bringing Title VII suits, are as follows:

- Make pre-complaint contact with EEO counselor within forty-five days of the allegedly discriminatory incident (29 C.F.R. § 1614.105(a)(1));

- File individual complaint of discrimination with the allegedly discriminatory agency (29 C.F.R. § 1614.106(a)); and

- Receive final agency decision (29 C.F.R. § 1614.110(a)).

See also Lockett v. Potter, 2008 U.S. App. LEXIS 923, *3, 259 Fed. Appx. 784 (6th Cir. Jan. 9, 2008) (outlining same process). The employee then has the option to file a discretionary appeal of the final agency decision to the Equal Employment Opportunity Commission ("EEOC"), within 30 days of receipt of the decision. 29 C.F.R. §§1614.401, 1614.402(a). The employee may also file a civil action in a United States District Court, within the following time frames:

- Within 90 days of receipt of the final agency action, if no appeal has been filed;

- Within 180 days from the filing of the EEO complaint, if no appeal has been filed and a final action has not been taken;

- Within 90 days of receipt of the final decision on appeal; or

- Within 180 days of filing an appeal, if there has been no final decision on the appeal.

29 C.F.R. § 1614.407.

In the present case, the Plaintiff withdrew his individual complaint of discrimination prior to receiving the final agency decision. Thus, the Regulations do not provide a means for him to file a civil action in a United States District Court, as he has attempted to do. The Plaintiff acknowledges that he did not follow the administrative procedures, but argues that he received misinformation from the Union President that caused him to withdraw his complaint of discrimination and that the Union President "was acting as an agent for the Defendant." Doc. #22 (Mem. Opp'n) at 3. Thus, he continues, the doctrine of equitable estoppel should preclude the finding that he failed to exhaust his administrative remedies. Id. at 3-4 (citing Jarrell v. United States Postal Service, 753 F.2d 1088 (D.C. Cir. 1985)).

The Sixth Circuit instructs that the doctrine of equitable estoppel "is a judicial doctrine of equity which operates apart from any underlying statutory scheme."[2] Mutchler v. Dunlap Mem'l Hosp., 485 F.3d 854, 861 (6th Cir. 2007)

---

[2] According to the Sixth Circuit, the elements of an equitable estoppel claim are as follows:

(1) conduct or language amounting to a representation of material fact;

(2) awareness of true facts by the party to be estopped;

9

(quoting Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 724 (2d Cir. 2001)). Further, courts have recognized that administrative filing requirements can be subject to equitable tolling, if employees do not take the mandated administrative steps, as a result of "justifiable reliance on the advice of another government officer." Jarrell v. United States Postal Service, 753 F.2d 1088, 1092 (D.C. Cir. 1985) (citing, among others, Siegel v. Kreps, 210 U.S. App. D.C. 58, 654 F.2d 773, 777 (D.C. Cir. 1981)) (emphasis added).

In the present case, it was the Union's actions, rather than the Postmaster's or another government officer's, upon which the Plaintiff allegedly detrimentally and justifiably relied. The Plaintiff contends, however, that the Union President was acting as an agent for the Postmaster and, thus, the Postmaster should be estopped from asserting his exhaustion argument. However, the Plaintiff points to nothing in the facts or in the law to support his contention that, while making the alleged statement, the Union President was acting as an agent of the Postmaster.

---

(3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;

(4) unawareness of the true facts by the party asserting the estoppel; and

(5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

Mutchler, 485 F.3d at 861 (citing Tregoning v. Am. Cmty. Mut. Ins. Co., 12 F.3d 79, 83 (6th Cir. 1993)).

In contrast to the Plaintiff's argument, courts have recognized that, in general, "the relationship between an employer and the union that represents its employees simply cannot be accurately characterized as one between principal and agent or master and servant." Gen. Bldg. Contractors Ass'n v. Pa., 458 U.S. 375, 393, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982). "Indeed, such a conception is alien to the fundamental assumptions upon which the federal labor laws are structured." Id. Given that the Plaintiff has pointed to nothing in the record to demonstrate that the Union and the Postmaster, in the present case, had an out of the ordinary principal-agent relationship, the Postmaster cannot be estopped from making a failure to exhaust argument, because of the Union's action. Thus, the Plaintiff has failed to create a genuine issue of material fact on the question of exhaustion.

Given that there is no genuine issue of material fact as to whether the Plaintiff exhausted his administrative remedies (he admittedly did not) or whether the Postmaster should be equitably estopped from arguing exhaustion, the Defendant's Motion for Summary Judgment (Doc. #20) is SUSTAINED, as to the claim for race discrimination against the Postmaster General.

IV. Conclusion

The Defendant's Motion for Summary Judgment (Doc. #20) is SUSTAINED, with regard to dismissing the USPS as a Defendant, and also as to the claim for

race discrimination against the Postmaster General.

All of the Plaintiff's claims having now been disposed of, judgment will be ordered entered on behalf of all Defendants and against the Plaintiff.

The above captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


February 10, 2010

                                             /s/ Walter Herbert Rice
                                            WALTER HERBERT RICE, JUDGE
                                            UNITED STATES DISTRICT COURT

Copies to:
Counsel of record